Judge Underwood,
delivered the opinion of the court.
This was an action of ejectment which involved a question of boundary. On the 9th of April 1708, a patent for 10,000 acres issued to John May and others, founded on a survey according to the face of the patent, bearing date the 20th day of January, 1787. On the.8th April, 1788, a patent for 6458 acres issued to John May alone, founded on a survey, according to the face of the patent, bearing date the 30th day of January, 1787. The patent for 6458 acres, being that under which the plaintiff in ejectment claimed, calls to begin at an ash tree, being upper corner to May & Co’s. 10,000 acres; after running up the Kentucky river and out from the river 1395 poles, the call is to run N 40, W 710 poles, to May, & Co’s, corner, a white oak and sugar tree; thence S 52, W 1287 poles, to the beginning. The 10,000 acres calls for the ash tree which is made the beginning corner of the 6458 acres;and runs thenceN *350 52, E 1287 to a white oak and sugar tree, which are cabed for by the 6458 acres,patent. The white oak &’sugar tree thus called for, as the common boundary of both tracts, cannot be found, and the only question in the cause is, to fixtheir position in reference to the 6458 acres tract. The plaintiff contends that this ought to be done by running the line of the 10,000 acres, the patent course from the ash corner, and by reversing the patent course which leads from the lost corner to the corner at a sycamore and two beeches, and running this reversed course until the line from the ash corner is intersected, and that the point of intersection will be the position of the lost corner, to-wit, white oak and sugar tree, as called for in both surveys. This is clearly right with respect to the 10,000 acres, and the plaintiff contends that it is equally proper as it relates to the 6458 acres, because the latter calls for the former. But the defendants insist that the true date of the survey on which the patent for 6408 acres is founded, is the 13th, instead of the 60th of January, 1787, and that the insertion of the 30th in the face of the patent, was a clerical mistake. In proof of this, they exhibit two copies of the original survey, one of which is certified with apparent particularity, in extenso, by the register, as having been copied from the original filed in his office, and from both it seems that the date of the 6458 acres survey is the 13th, and not the 30th. The defendants therefore contend,thatthe 6458 acressurvey,beingol-der than the lG,000 acres survey, cannot be controlled in its position by the latter, and consequently, that the correct mode of ascertaining the position of the lost corner of the 6458 acres tract, is, to run it out accor ding to courses and distances, without regard to the 10,000 acres.
Fact that an Older survey nerofayouñ-ger survey, will have no fixIn^ThVpo-sition of such elder survey,
If it be true that the survey for 6458 acres was made before that of 10,000 acres, nothing can be more clear," than that the call for the 10,000 acres can have no influence in fixing the position of the 6458. Whether the 6458 acres was eldest, constituted a question of fact, which was properly left by the court to the determination of the jury. The jury might infer from the date of the original survey, that the 30th, as inserted in the patent, was a clerical mistake. The case of Smith, &c. vs. Prewitt, II. Marshall 155, *351 shews what weight the court considered the date of the original survey was entitled to, where it called to adjoin another survey, which seemed from its date to be youngest; and although that case is not analagous to this, we are of opinion that the reasoning of the court in it, is entitled to consideration in the decision of this. Were it conceded that the matters of fact would havebeen differently decided by us, yet the jury cannot be controlled in things belonging exclusively to them. Whether the survey of 6453 acres was made on the 13th, or -30th of the month, or before or after the survey for 10,000 acres, was a fact which they had a right to decide upon the evidence, and we cannot say they erred.
Mills, and Brown, for plaintiffs; Monroe, and Sanders, for defendants.
The motion for a new trial, was therefore, properly overruled.
The affidavit of Scott, in which he swears that “he believed it probable, &c” was properly disregarded by the court.
Judgment affirmed, with costs, the Chief Justice dissenting.